******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY V. GUDDO *v.* KIMBERLI M. GUDDO
(AC 40004)

Keller, Bright and Pellegrino, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed to this court from the judgment of the trial court denying his postdissolution motion for contempt, in which he claimed that the defendant had violated certain prior court orders by failing to make certain payments to the plaintiff and to return personal property belonging to the plaintiff. At the time of filing the plaintiff's motion, during its pendency, and in the present appeal, the plaintiff was self-represented and incarcerated. The defendant was represented by counsel in connection with the plaintiff's motion for contempt. On appeal, the plaintiff claimed that the hearing on the motion for contempt was unfair in that at the time of the hearing, both parties were represented by the same law firm, which created a conflict of interest, and that the law firm violated numerous professional rules of conduct. *Held* that the plaintiff having failed to distinctly raise his claim before the trial court, the unpreserved claim was not reviewable; the record provided to this court did not reflect that the plaintiff raised the present claim, or any objection related to the defendant's counsel, before the trial court, the plaintiff acknowleged that his claim was unpreserved in his reply brief, the record was devoid of evidence to support the factual representations underlying the plaintiff's conflict of interest claim, which were made for the first time on appeal, and it did not appear in the record that the court considered the claim, resolved any of the distinct factual issues that arose from the claim, or ruled on the merits of the claim, nor would it have been appropriate to afford an extraordinary level of review to the claim.

Argued September 6—officially released October 9, 2018

*Procedural History*

Action for the dissolution of marriage, and for other relief, brought to the Superior Court in the judicial district of New Haven, and tried to the court, *Goodrow, J.*; judgment dissolving the marriage and granting certain other relief; thereafter, the court denied the plaintiff's motion for contempt, and the plaintiff appealed to this court. *Affirmed.*

*Anthony V. Guddo*, self-represented, the appellant (plaintiff).

*Keith Anthony*, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Anthony V. Guddo, appeals from the judgment of the trial court denying the postdissolution motion for contempt that he brought against the defendant, Kimberli M. Guddo. The plaintiff claims that because of a conflict of interest related to the defendant's counsel, the hearing on the motion for contempt was unfair. We affirm the judgment of the trial court.

The record reflects that, in August, 2015, the court, *Goodrow, J.*, dissolved the parties' marriage and entered financial orders. Thereafter, the plaintiff brought several contempt motions against the defendant in which he alleged that she wilfully failed to comply with the court's orders. On May 23, 2016, the plaintiff filed the contempt motion underlying the present appeal. Therein, he alleged, among other things, that, in violation of prior orders, the defendant failed to make money payments to him and failed to return personal property belonging to him. The plaintiff filed the motion for contempt as a self-represented litigant, appeared as a self-represented litigant during the relevant proceedings before the trial court, and appears as a self-represented litigant in the present appeal. In June, 2016, the court granted the defendant's motion for the appointment of counsel to represent her in connection with the plaintiff's motion. Thereafter, the defendant was represented at trial by Bansley, Anthony, Burdo, LLC, and is so represented in the present appeal.

The court held a hearing on the plaintiff's motion for contempt on November 16, 2016.[1] On December 7, 2016, the court rendered judgment denying the contempt motion, finding that the defendant did not wilfully fail to comply with its orders. This appeal followed.

The plaintiff, who was incarcerated during the underlying proceedings, states in his appellate brief that when the court held a hearing on his motion for contempt, both he and the defendant were "represented" by the same law firm, namely, Bansley, Anthony, Burdo, LLC.[2] He states that one or more persons associated with the firm not only provided legal assistance to him with respect to "incarceration issues" in connection with "the Inmate Legal Aid Program," but also that the firm provided assistance to him related to the present "case" involving the defendant. The plaintiff baldly asserts that the firm violated numerous rules of professional conduct and that a conflict of interest existed. As a result of this impropriety on the part of the defendant's counsel, the plaintiff argues, the hearing on the motion for contempt was "unfair." These arguments make up the only claim advanced by the plaintiff in the present appeal.

The record provided to this court does not reflect that the plaintiff raised the present claim, or *any* objection

related to the defendant's counsel, before the trial court. The defendant argues that the plaintiff did not raise this claim during the hearing or at any time prior to the present appeal and, responding to this critique, the plaintiff acknowledges that the present claim is unpreserved.[3] Moreover, the record is devoid of evidence to support the factual representations underlying the plaintiff's conflict of interest claim, which are made for the first time on appeal. Not surprisingly, it does not appear in the record that the court considered the claim, resolved any of the distinct factual issues that arise from the claim, or ruled on the merits of the claim.

"Our appellate courts, as a general practice, will not review claims made for the first time on appeal. . . . [A]n appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court. . . . The purpose of our preservation requirements is to ensure fair notice of a party's claims to both the trial court and opposing parties. . . . These requirements are not simply formalities. They serve to alert the trial court to potential error while there is still time for the court to act. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court or the opposing party to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Citations omitted; internal quotation marks omitted.) *Gartrell* v. *Hartford*, 182 Conn. App. 526, 537, A.3d (2018); see also Practice Book § 60-5 (generally appellate court is not bound to consider claim not distinctly raised at trial or arising subsequent to trial).

There is no indication in the record before us that the plaintiff distinctly raised the present claim before the trial court and he does not argue, nor do we believe, that it would be appropriate to afford any extraordinary level of review to the claim. Accordingly, we decline to review the plaintiff's unpreserved claim.

The judgment is affirmed.

[1] On November 7, 2016, the plaintiff filed a motion to amend his motion for contempt. By agreement of the parties, the court considered the plaintiff's motion to amend on the papers. At the time that it rendered its judgment on the motion for contempt, the court noted that it had granted the motion to amend, but had denied the plaintiff any relief with respect to the amended claims.

[2] In her appellate brief, the defendant states that Bansley, Anthony, Burdo, LLC, never represented the plaintiff in any matter and that the firm has not received any confidential information concerning the plaintiff. Thus, the defendant disputes that any conflict of interest existed or that the firm violated any rules of professional conduct.

[3] Furthermore, we observe that although it is the plaintiff's burden to furnish this court with a record adequate to review the claim that the November 16, 2016 hearing was unfair; see Practice Book § 61-10; he has not provided this court with a copy of the transcript of the hearing. Instead, the plaintiff filed a certificate with the appellate clerk stating that no transcript was necessary in connection with this appeal. See Practice Book § 63-4 (a) (2).